UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MONICA LYONS and NEIL D. GEISER,    :

                           Plaintiffs    :

          v.

                                      :

SYNAPSE GROUP, INC.
SYNAPSECONNECT, INC. and         :
TIME INC.,

                                      :

                      Defendants.

                                      :
-------------------------------------------------------x

Case No.: 08 Civ. 2963 (LAP)

## DEFENDANT TIME INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

 

Andrew B. Lachow (AL-2932)
Deputy General Counsel
TIME INC.
1271 Avenue of the Americas
New York, New York 10020


Attorney for Defendant
  Time Inc.

April 24, 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------x

MONICA LYONS and NEIL D. GEISER,    :

                       Case No.: 08 Civ. 2963

               Plaintiffs    :

      v.

                   :

SYNAPSE GROUP, INC.
SYNAPSECONNECT, INC. and    :
TIME INC.,

                   :

            Defendants.

                   :

----------------------------------------------------x

## DEFENDANT TIME INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

Defendant Time Inc. ("Time") respectfully submits this memorandum of law in support of its motion to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### PRELIMINARY STATEMENT

Plaintiffs Monica Lyons and Neill D. Geiser (collectively "Plaintiffs") contend in their Complaint that they did not receive refunds from magazine subscriptions to which they were allegedly entitled. (See Verified Complaint ¶ 6, 11-12, attached as Exhibit 1 to the affidavit of Andrew B. Lachow, dated April 24, 2008 (the "Lachow Aff."). Based upon this allegation, Plaintiffs assert claims for breach of contract and unjust enrichment[1]

---

[1] To the extent that it asserts any claim, Plaintiffs' Third Cause of Action also appears to assert a breach of contract since it contends that the "Defendants" "breached the Agreement as stated herein." See Complaint, ¶ 16-18.

against Time and two Time subsidiaries, Synapse Group. Inc. and SynapseConnect, Inc. (collectively the "Synapse Defendants").[2]

Plaintiffs' claims against Time are without merit and should be dismissed. First, the Plaintiffs have failed to plead a breach of contract claim because they do not allege the essential terms of the parties' purported agreement, including the specific provisions of the contract upon which liability is based.   Next, even if an agreement is alleged, the Complaint is completely devoid of any factual assertions pertaining to Time. Indeed, Plaintiffs' allege only that they entered into a "verbal agreement" with the Synapse Defendants, not with Time. See Complaint, ¶ 6. Plaintiffs also allege that it was the Synapse Defendants that canceled the orders at issue. Id. ¶ 8. In short, Plaintiffs fail to allege any actionable conduct on Time's part.

Plaintiffs' unjust enrichment claim is equally deficient since Plaintiffs again have failed to assert any actionable conduct against Time. Significantly, the Complaint does not allege that Time itself contracted to receive or received any money from Plaintiffs in connection with the alleged contract. Since Time did not receive, let alone retain, any funds from Plaintiffs. Time has not been enriched at Plaintiffs' expense.

Finally, the Complaint fails to even allege, let alone provide facts, sufficient to pierce the corporate veil and hold Time responsible for the acts of its subsidiaries.

---

[2] The Court can take judicial notice of Time's relationship with the Synapse Defendants. See Synapse Defendants Rule 7.1 Statement, attached as Exhibit 2 to the Lachow Aff.

2

## STATEMENT OF FACTS[3]

The Plaintiffs have filed a completely bare bones Complaint in order to hide from the Court the conduct that underlies their claims. According to the Complaint. Plaintiffs entered into a "verbal agreement" with the Synapse Defendants to obtain magazine subscriptions and the Synapse Defendants would then provide such subscriptions to the subscribers. Complaint ¶ 6 ("Plaintiffs placed orders through SynapseConnect . . ."). Plaintiffs further allege that at some unspecified time the Synapse Defendants canceled the orders and retained money apparently paid by them to the Synapse Defendants. Id. at 8, 12. No other facts are alleged, including any of the essential terms of this alleged "verbal agreement" or any conduct attributable at all to Time. Indeed. the only allegation leveled against Time is the conclusory statement that Time "ratified" this alleged Agreement. Id. 7. For the reasons discussed below, this Complaint fails to state viable claims against Time.

The Synapse Defendants have filed a counterclaim in this action which sheds light on the transactions at issue and. in particular. the Plaintiffs' conduct. According to the Counterclaim, the Synapse Defendants promote the sale of magazine subscriptions. Synapse Counterclaim ¶ 2. Sometime in 2005, the Plaintiffs began selling magazine subscriptions to consumers through one or more stores on eBay.com. Id. ¶ 3: Complaint ¶ 6. Apparently, after selling subscriptions through eBay.com, Plaintiffs took the names and contact information of the individuals to whom they sold the subscriptions and then.

---

[3] The facts set forth in this Statement of Facts are taken from the Plaintiffs' Complaint as well as the counterclaim filed by the Synapse Defendants. A copy of the Synapse Defendants' Answer and Counterclaim ("Synapse Counterclaim") is attached as Exhibit 3 to the Lachow Aff.

without authorization from these individuals,[4] placed orders for the same magazines through defendant SynapseConnect. Id. ¶ 5-6; Complaint ¶ 6 ("Plaintiffs and Defendants Synapse Group and SynapseConnect entered into an verbal agreement . . . wherein Plaintiff would obtain subscribers for certain magazines and Defendant would provide such magazines to such subscribers").

Plaintiffs apparently canceled or attempted to cancel the orders at the very end of the subscriptions' twelve-month risk-free period and sought a full refund from the Synapse Defendants. Complaint ¶8, 12; Synapse Counterclaim ¶ 9. Synapse refunded some money to Plaintiffs but refused to refund the rest after learning of the means and methods Plaintiffs' used in placing the orders. Complaint ¶ 8, 12; Synapse Counterclaim ¶10-11. Plaintiffs now sue for the funds that Synapse refused to refund.[5] Apart from Plaintiffs again allege no facts regarding Time's role.

For the reasons noted above and explained in detail below, Plaintiffs' claims fail against Time and should be dismissed.[6]

## *Argument*

## I. PLAINTIFFS HAVE FAILED TO STATE A CLAIM AGAINST TIME

### A.    The Applicable Standard

It is well settled that in determining a motion under Fed. R. Civ. P. 12(b)(6), a district court must accept the allegations contained in the complaint as true and draw all

---

[4] The Synapse Counterclaim describes the apparent improper conduct that Plaintiffs utilized in entering into the subscriptions, including their use of thousands of unique credit cards in order to avoid detection. Synapse Counterclaim ¶ 6-8. None of these facts were alleged in Plaintiffs' Complaint.

[5] Plaintiffs also failed to inform the Court in their Complaint that the Synapse Defendants fulfilled the magazine subscriptions to Plaintiffs' customers who thus received the magazines they ordered from the Plaintiffs. Synapse Counterclaim ¶11.

[6] In February 2008, Plaintiffs commenced an action against Time and the Synapse Defendants in New York State court. The Synapse Defendants timely removed the action to this Court on or about March 21, 2008.

reasonable inferences in favor of the nonmoving party. Burnette v. Carothers, 192 F.3d 52,

56 (1999), cert. denied, 531 U.S. 1052 (2000).  However, while the court must accept as

true a plaintiff's factual allegations, "[c]"onclusory allegations of the legal status of the

defendants' acts need not be accepted as true for the purposes of ruling on a motion to

dismiss." Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1092 (2d Cir. 1995) (citing In

re American Express Co. Shareholder Litig., 39 F.3d 395, 400-01 n.3 (2d Cir. 1994)).

While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed

factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

relief' requires more than labels and  conclusions, and a formulaic recitation of the

elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955,

1964-65, 167 L. Ed. 2d 929 (2007); see also Papasan v. Allain, 478 U.S. 265, 286, 106 S.

Ct. 2932, 92 L. Ed. 2d  209 (1986) (on a motion to dismiss, courts "are not bound to accept

as true a legal conclusion couched as a factual allegation").  Applying this standard to the

Complaint demonstrates that the Court should grant Time Inc.'s motion and dismiss the

Complaint with prejudice.[7]

**B.    Plaintiffs Fail to State a Breach of Contract Claim Against Time**

Plaintiffs' breach of contract claim fails for number of simple reasons. First, the

Plaintiffs fail to allege any of the essential elements of the purported "agreement."  Second,

even if an agreement has been alleged, Plaintiffs fail to allege that they entered into any

---

[7] The same standard would apply if the Court deems this motion to be one for judgment on the pleadings pursuant to Rule 12 (c) because Time has referenced the Synapse Defendants' Answer and Counterclaim. See Ackoff-Ortega v. Windswept Pac. Entm't Co., 120 F. Supp.2d 273, 274 (S.D.N.Y. 2000).  In deciding a motion for judgment on the pleadings, a court should consider the complaint, answer and any written instruments attached as exhibits to the complaint or answer. Ackoff-Ortega, 120 F. Supp.2d at 274; Royal Ins. Co. v. Sportswear Group, LLC, 85 F. Supp.2d 275, 278 (S.D.N.Y. 2000). In doing so, "the truth of factual allegations that are contradicted by documents properly considered on a motion [for judgment on the pleadings] need not be accepted."  In re Evergreen Mut. Funds Fee Litig., 423 F. Supp.2d 249, 255 (S.D.N.Y. 2006).

agreement with Time, that Time breached the agreement or that Time's breach caused

Plaintiffs any damages.

To state a claim for breach of contract, a plaintiff must establish:  (1) a contract; (2)

plaintiff's performance or excuse for nonperformance of the contract; (3) defendant's

breach; and (4) resulting damages to plaintiff.  See Harsco Corp. v. Segui, 91 F.3d 337,

348 (2d Cir. 1996); Bridgeway Corp. v. Citibank, N.A., 132 F. Supp.2d 297, 305

(S.D.N.Y. 2001).  The allegations in the complaint must also include the terms of the

agreement upon which the action is based.  Leadsinger, Inc. v. Cole, 2006 U.S. Dist.

LEXIS 55638, at *31-32 (S.D.N.Y. Aug. 10, 2006); see also Sobek v. Quattrochi, 2004

U.S. Dist. LEXIS 24584 at *7-8, 2004 WL 2809989,at *3 (S.D.N.Y. Dec. 8, 2004)

("[C]omplaint must set forth the terms of the agreement upon which liability is predicated,

either by express reference or by attaching a copy of the contract."); Highlands Ins. Co. v.

PRG Brokerage, Inc., 2004 U.S. Dist. LEXIS 83 at *24-25, 2004 WL 35439, at *8

(S.D.N.Y. Jan. 6, 2004) ("A breach of contract claim will be dismissed, however, as being

too vague and indefinite, where the plaintiff fails to allege, in nonclusory fashion, the

essential terms of the parties' purported contract, including the specific provisions of the

contract upon which liability is predicated").

Here the Plaintiffs have failed to allege the essential terms of the parties' purported

agreement in nonconclusory language, including the specific provisions of the contract

upon which liability is based.  Indeed, Plaintiffs simply allege that they entered into a

verbal agreement with the Synapse Defendants whereby Plaintiffs would obtain

subscribers for certain magazines and Defendant would provide such magazines to such

subscribers." (Complaint ¶ 6).  Plaintiffs fail to provide any of the essential terms of this

alleged agreement, including what consideration, if any, the "Defendant" received for providing magazines to subscribers obtained by the Plaintiffs. Plaintiffs also allege in conclusory fashion that the Synapse Defendants "cancelled all open orders" and "thereby breach[ed] the Agreement." (Id. ¶ 8). Given Plaintiffs' failure to allege any of the terms of the alleged Agreement, it is impossible to ascertain whether, in fact, the Agreement was breached.

Even if Plaintiffs managed to allege a contract in general, their claim is patently deficient as against Time. Indeed, the Complaint is devoid of any conduct attributable to Time. As noted above, Plaintiffs concede that to the extent any agreement existed, it was with the Synapse Defendants, not Time Inc. See Complaint ¶ 6 ("Plaintiffs and Defendants Synapse Group and Synapseconnect entered into a verbal agreement . . ."). Plaintiffs further allege that to the extent the alleged agreement was breached, it was the Synapse Defendants that did so by "canceling all open orders." (Id. ¶8). Plaintiffs have failed to allege an Agreement with Time Inc. or that Time breached any alleged agreement.

With respect to Time, Plaintiffs simply allege that the Agreement "was ratified through further discussions and acts of Defendants Synapse Group, Synapseconnect and Time between November 2005 and March 2006." (Id. ¶7). Even with the conclusory "ratification" language, Plaintiffs still fail to allege that they had any dealings with Time Inc. either directly or indirectly relating to the transactions at issue, let alone an Agreement with Time. Nor do Plaintiffs provide any facts as to what Time Inc. allegedly "ratified"or how that would in any event render Time responsible to Plaintiffs. Further, Plaintiffs plead no consideration paid to Time in furtherance of the alleged contract entered into between Plaintiffs and the Synapse Defendants. In short, Plaintiffs have failed to allege facts

sufficient to show that a contractual relationship of any sort existed between it and the Plaintiffs or that Time breached any agreement.[8]

## C.    Time Was Not Unjustly Enriched at Plaintiffs' Expense

Plaintiffs' unjust enrichment count is as deficient as their breach of contract claim. To prevail on an unjust enrichment claim, a plaintiff must prove that the defendant was enriched, that such enrichment was at the plaintiff's expense, and that the circumstances were such that in equity and good conscience the defendant should compensate the plaintiff. AMA v. United Healthcare Corp., 2007 U.S. Dist. LEXIS 18729 at *32-33 (S.D.N.Y. March 5, 2007); Louros v. Cyr, 175 F. Supp. 2d 497, 514 (S.D.N.Y. 2001). Whether a defendant's alleged enrichment is unjust turns on the question of whether the defendant is in possession of property that rightfully belongs to the plaintiff. Indyk v. Habib Bank Ltd., 694 F.2d 54, 58 (2d Cir. 1982); Rivkin v. Coleman, 978 F. Supp. 539, 544 (S.D.N.Y. 1997).

The apparent basis of plaintiffs' unjust enrichment claim is that Plaintiffs entered into a contract with the Synapse Defendants for magazine subscriptions (Complaint ¶ 6), that the Plaintiffs tendered funds for the purchase of these subscriptions (Id. ¶ 11); that the Synapse Defendants "cancelled all open orders of Plaintiffs" (Id. ¶ 8) and that the "Defendants have failed to return such amount or provide any consideration therefore." ((Id. ¶ 12).

---

[8] Certain allegations in the Complaint refer to "Defendants" as a group. These allegations lump Time and the Synapse Defendants together without specifying each defendant's relevant conduct. This is insufficient even under the liberal standard of Rule 8 since it fails give each defendant fair notice of what the plaintiffs' claims are and the grounds upon which they rest.

Plaintiffs have failed to plead an unjust enrichment claim against Time. In particular, apart from a group pleading allegation leveled at the "Defendants" collectively, Plaintiffs have not – because they cannot – allege that Time itself contracted to receive, or received, any money from Plaintiffs directly or indirectly in connection with the alleged contract. Since Time did not receive any money from the Plaintiffs, it was not enriched, let alone enriched unjustly at Plaintiffs' expense.

Moreover, as a matter of law, a quasi-contract action for unjust enrichment does not lie where, as here, an express binding agreement exists and defines the parties' rights. U.S. East Telecomms, Inc. v. U.S. West Commc'ns Servs., Inc., 38 F.3d 1289, 1296 (2d Cir. 1994); AEB & Associates Design Group, Inc. v. Tonka Corp., 853 F. Supp. 724, 731 (S.D.N.Y. 1994) ("where an express agreement covers the subject matter of claims based on implied contract and unjust enrichment, such claims are precluded as a matter of law"); Apfel v. Prudential-Bache Sec., Inc., 81 N.Y.2d 470, 478-479, 600 N.Y.S.2d 433, 436-37 (1993) (finding that appellate court erred in reinstating unjust enrichment claim where express agreement controlled parties' rights and liabilities).

Here, Plaintiffs explicitly allege that a contract exists and governs the rights and obligations of the parties. Complaint ¶6. Indeed, Plaintiffs are suing the defendants for breach of that contract. [9] For this additional reason, Plaintiffs' unjust enrichment claim should be dismissed.

---

[9] The unjust enrichment claim should be dismissed even if Time, as it alleges, is not a party to the agreement. Decisions both in New York state courts and in this district have consistently held that claims for unjust enrichment are barred if there exists a contract governing the subject matter of the dispute even if one of the parties to the lawsuit is not a party to the contract. Diversified Carting, Inc. v. City of New York, 2006 U.S. Dist. LEXIS 1701 at *25, 2006 WL 147584 (S.D.N.Y. 2006) ("[T]he existence of an express agreement bars a quasi contract claim concerning the subject matter covered by that

**D.    Plaintiffs Have Failed to Allege Any Facts Permitting
Them to Pierce The Corporate Veil and Reach Time**

To the extent that Plaintiffs seek to hold Time responsible for the acts of the

Synapse Defendants, the Complaint must also be dismissed against Time because Plaintiffs

have not alleged any facts sufficient to pierce the corporate veil of the Synapse Defendants

to reach Time.

Under New York law, "[g]enerally, parent and subsidiary corporations are treated

as separate legal entities, and a contract by one does not legally bind the other." Maltz. v.

Union Carbide Chem. & Plastic Co., Inc., 992 F. Supp. 286, 300 (S.D.N.Y. 1998).

Similarly, under New York law, a parent company is not automatically liable for the acts

of its wholly-owned subsidiary. Degraziano v. Verizon Commun., Inc., 325 F. Supp. 2d

238, 245 (E.D.N.Y. 2004) (quoting Manchester Equip. Co. v. Amer. Way and Moving Co.,

60 F. Supp.2d 3, 6 (E.D.N.Y. 1999). To pierce the corporate veil, a plaintiff must show

two things: "'(1) the owners exercised complete domination of the corporation in respect to

the transaction attacked; and (2) that such domination was used to commit a fraud or

wrong against the plaintiff which resulted in plaintiff's injury.'" Astroworks, Inc.v.

Astroexhibit, Inc., 257 F. Supp. 609, 614 n. 8 (S.D.N.Y. 2003) (quoting Morris v. New

---

express agreement. This rule applies even when a plaintiff asserts claims based in quasi
contract against a non party to the express agreement." (citing Bellino Schwartz Padob
Advertising v. Solaris Mktg., 635 N.Y.S.2d 587, 588 (1st Dep't 1995)); Granite Partners,
L.P. v. Bear, Stearns & Co., Inc., 17 F.Supp.2d 275, 311 (S.D.N.Y. 1998) (unjust
enrichment claims are "ordinarily unavailable when a valid and enforceable written
contract governing the same subject matter exists . . . whether the contract is one between
parties to the lawsuit, or where one party to the lawsuit is not a party to the contract."
(citations omitted)).

York State Dep't of Taxation and Fin.. 82 N.Y.2d 135, 623 N.E.2d 1157, 1160, 603 N.Y.S.2d 807 (1993)).

Courts have made clear that purely conclusory allegations cannot suffice to state a claim based on veil-piercing or alter-ego liability, even under Rule 8(a)'s liberal notice pleading standard. See e.g. DeJesus v. Sears, Roebuck & Co., 87 F.3d 65, 70 (2d Cir.), cert. denied, 519 U.S. 1007, 117 S. Ct. 509 (1996): In re Currency Conversion Fee Antitrust Litig., 265 F. Supp.2d 385, 426 (S.D.N.Y. 2003). To avoid dismissal, a party seeking to pierce the corporate veil must present factual allegations concerning both elements of the doctrine. EED Holdings v. Palmer Johnson Acquisition Corp., 228 F.R.D. 508, 512 (S.D.N.Y. 2005).

Here, Plaintiffs have failed to even parrot the elements of a veil-piercing claim, let alone allege specific facts that would permit the corporate veil to be pierced. The mere lumping of claims against "Defendants" fails to overcome the presumption of separateness afforded to related companies like Time and the Synapse Defendants. Kingdom 5-KR-41, Ltd. v. Star Cruises PLC, 2002 U.S. Dist. LEXIS 9810 at *38-39, 2002 WL 432390, at *12 (S.D.N.Y. March 20, 2002) ("In order to overcome the presumption of separateness afforded to related corporations, [plaintiff] is required to plead more specific facts supporting its claims, not mere conclusory allegations

Accordingly, the Complaint is devoid of any basis from which to hold Time Inc. responsible for conduct alleged in the Complaint, it should be dismissed against Time.

## CONCLUSION

For the foregoing reasons, this Court should dismiss the Complaint in its entirety

against Time for failure to state a claim upon which relief can be granted.

Dated:  New York, New York
        April 24, 2008

                                    Respectfully submitted

                                    Andrew B. Lachow, Esq.
                                    Deputy General Counsel
                                    Time Inc.
                                    1271 Avenue of the Americas
                                    New York, NY  10020
                                    (212) 522-8307
                                    *Attorney for Defendant Time Inc.*