UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------x

MONICA LYONS and NEIL D. GEISER,  :

                    Plaintiffs   :

        v.

                           :

SYNAPSE GROUP, INC.
SYNAPSECONNECT, INC. and      :
TIME INC.,

                           :

                Defendants.

                           :

-----------------------------------------------------x

Case No.: 08 Civ. 2963 (LAP)

**AFFIDAVIT**

ANDREW B. LACHOW, being duly sworn, deposes and says:

1.      I am Vice President and Deputy General Counsel-Litigation at Time Inc. ("Time"). I am responsible for the defense of Time's interests in this action. I submit this affidavit in support of Time's motion to dismiss the complaint.

2.      A true and correct copy of the Complaint filed by Plaintiffs Monica Lyons and Neil D. Geiser in this lawsuit is attached hereto as Exhibit 1.

3.      A true and correct copy of the 7.1 Disclosure Statement filed by Defendants Synapse Group, Inc. and SynapseConnect, Inc. in this lawsuit is attached hereto as Exhibit 2.

4.    A true and correct copy of the Answer and Counterclaim filed by

Defendants Synapse Group, Inc. and SynapseConnect, Inc. in this lawsuit is attached

hereto as Exhibit 3.

_____
ANDREW B. LACHOW

Sworn to before me this
24ᵗʰ day of April 2008

_____
Notary Public

THOMAS J. SCHOPPER
Notary Public, State of New York
No. 01SC6005198
Qualified in New York County
Commission Expires April 6, 20 10

# EXHIBIT 1

ORIGINAL

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

MONICA LYONS and NEILL D. GEISER,

      Plaintiff(s),

     - against -

SYNAPSE GROUP, INC., SYNAPSECONNECT,
INC. and TIME, INC.

       Defendant(s).
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Index No.: 08102133
Filed On:

**SUMMONS**

**Basis for Venue:**
Incorporation of
Defendant Time and
Choice of Venue

   **YOU ARE HEREBY SUMMONED** to answer the complaint in this

action and to serve a copy of your answer, or, if the complaint

is not served with the summons, to serve a notice of appearance,

on Plaintiff's attorney within twenty (20) days after the

service of this summons, exclusive of the day of service, or if

service of this summons is made by any means other than by

personal delivery to you within the state, within thirty (30)

days after such service is complete. In case of your failure to

appear or answer, judgment will be taken against you by default

for the relief demanded in the annexed complaint.

Dated:  January 22, 2008
    Kew Gardens, New York

       Yours, etc.
       STEVEN ZALEWSKI & ASSOCIATES, P.C.

       By: Dustin Bowman, Esq.
       Attorney for Plaintiffs
       125-10 Queens Boulevard, Suite: 218
       Kew Gardens, New York 11415
       (718) 263-6800

FILED
FEB 06 2008
COUNTY CLERK'S OFFICE
NEW YORK

-1-

<u>Defendant's Addresses</u>:

SYNAPSE GROUP, INC.
225 High Ridge Road, East Building
Stamford, CT 06905
(SERVE ON SEC OF STATE)

SYNAPSECONNECT, INC.
5 High Ridge Park
Stamford, CT 06905
(SERVE ON SEC OF STATE)

TIME, INC.
1271 Avenue of the Americas
New York, New York 10020
(SERVE ON SEC OF STATE)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------ X
MONICA LYONS and NEILL D. GEISER,           Index No.:
                                            Filed On:
                    Plaintiff(s),

            - against -                      VERIFIED COMPLAINT

SYNAPSE GROUP, INC., SYNAPSECONNECT,
INC. and TIME, INC.                         08102133
                    Defendant(s)
------------------------------------ X
     Plaintiffs **MONICA LYONS** and **NEILL D. GEISER** by and through

their attorney **STEVEN ZALEWSKI & ASSOCIATES, P.C.**, complaining

of the Defendant(s), alleges upon information and belief as

follows:

   1.    That at all times hereinafter mentioned Plaintiffs

**MONICA LYONS** (hereinafter, "Lyons") was and is an individual

residing within the State of California.

   2.    That at all times hereinafter mentioned Plaintiffs

**NEILL D. GEISER** (hereinafter, "Geiser") was and is an individual

residing within the State of California.

   3.    Upon information and belief, that at all times

hereinafter mentioned, the Defendant **SYNAPSE GROUP, INC.**

(hereinafter, "Synapse Group") is a foreign corporation

conducting business in the State of New York with offices

located at 225 High Ridge Road, East Building, Stamford, CT

06905.

-3-

4.     Upon information and belief, that at all times hereinafter mentioned, the Defendant SYNAPSECONNECT, INC. (hereinafter, "Synapseconnect") is a foreign corporation conducting business in the State of New York with offices located at 5 High Ridge Park, Stamford, CT 06905.

5.     Upon information and belief, that at all times hereinafter mentioned, the Defendant TIME, INC. (hereinafter, "Time") is a New York corporation duly authorized to conduct business within the State of New York with offices located at 1271 Avenue of the Americas New York, NY 10020.

### AS AND FOR A FIRST CAUSE OF ACTION

6.     On or about November 2005, Plaintiffs and Defendants Synapse Group AND Synapseconnect entered into an verbal agreement (hereinafter, "Agreement"), wherein Plaintiff would obtain subscribers for certain magazines and Defendant would provide such magazines to such subscribers.

7.     Such agreement was ratified through further discussions and acts of Defendants Synapse Group, Synapseconnect and Time between November 2005 and March 2006.

8.     On or about May 5, 2007, Defendants Synapse Group AND Synapseconnect cancelled all open orders of Plaintiffs totaling in an amount to be determined at trial, but in no case less than four hundred forty nine thousand five hundred thirty two dollars

-4-

and ninety two cents ($449,532.92), thereby breaching the Agreement.

9.     Plaintiffs have been damaged in an amount to be determined at trial, but in no case less than four hundred forty nine thousand five hundred thirty two dollars and ninety two cents ($449,532.92).

## AS AND FOR A SECOND CAUSE OF ACTION

10.     The Plaintiff repeats, reiterates, and re-alleges each, every, and all allegations contained in paragraphs of this complaint designated from One through Nine inclusive with the same force and effect as if herein set forth more fully.

11.     Plaintiffs tendered approximately four hundred forty nine thousand five hundred thirty two dollars and ninety two cents ($449,532.92) to Defendants for the purchase of certain magazines.

12.     Defendants have failed to return such amount or provide any consideration therefore.

13.     Defendants have been unjustly enriched in an amount to be determined at trial, but in no case less than four hundred forty nine thousand five hundred thirty two dollars and ninety two cents ($449,532.92).

14.     Plaintiffs have been damaged in an amount to be determined at trial, but in no case less than four hundred forty

-5-

nine thousand five hundred thirty two dollars and ninety two cents ($449,532.92).

### AS AND FOR A THIRD CAUSE OF ACTION

15.     The Plaintiff repeats, reiterates, and re-alleges each, every, and all allegations contained in paragraphs of this complaint designated from One through Fourteen inclusive with the same force and effect as if herein set forth more fully.

16.     Plaintiffs ran a business using an internet auction site.

17.     Defendants had full notice and understanding of the business of Plaintiffs and the nature of internet auction businesses.

18.     Defendants breached the agreement as stated herein with the intent of damaging the business and reputation of Plaintiffs.

19.     Plaintiffs suffered damage therefrom in an amount to be determined at trial, but in no case less than one-hundred thousand dollars ($100,000.00).


WHEREFORE, Plaintiffs, demands judgment against the defendant as follows:

a)     Judgment against Defendants jointly and severally  in an amount to be determined at trial, but in no case less than

-6-

four hundred forty nine thousand five hundred thirty two dollars and ninety two cents ($449,532.92) on the First Cause of Action;

b)     Judgment against Defendants jointly and severally in an amount to be determined at trial, but in no case less than four hundred forty nine thousand five hundred thirty two dollars and ninety two cents ($449,532.92) on the Second Cause of Action;

c)     Judgment against Defendants jointly and severally in an amount to be determined at trial, but in no case less than one-hundred thousand dollars ($100,000.00) on the Third Cause of Action;

d)     Interest on all judgments from May 5, 2007;

e)     Attorneys' fees in an amount to be determined after trial; and

f)     For such other and further relief as to the court may deem just and proper, together with the costs and disbursements of this action.

Dated:      January 22, 2008
            Kew Gardens, New York

                        Yours, etc.
                        STEVEN ZALEWSKI & ASSOCIATES, P.C.


                        By: Dustin Bowman, Esq.
                        Attorney for Plaintiffs
                        125-10 Queens Boulevard, Suite: 218
                        Kew Gardens, New York 11415
                        (718) 263-6800

-7-

# A T T O R N E Y
## V E R I F I C A T I O N

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF QUEENS

    I, the undersigned, an attorney admitted to practice in the Courts of New York State, state that:

    I, **DUSTIN BOWMAN, ESQ.**, am the attorney of record for the Plaintiffs in the within action; I have read the foregoing SUMMONS AND COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matter I believe it to be true.

    The reason this verification is made by me and not the Plaintiffs is that the Plaintiffs are not present in Queens County where deponent has his office.

    The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

    Upon information and belief, a review of the attorney's file and conversations with the Defendant.

    I affirm that the foregoing statements are true, under the penalties of perjury.


Dated:    January 22, 2008
          Kew Gardens, New York

_____
STEVEN ZALEWSKY & ASSOCIATES, P.C.
By: Dustin Bowman, Esq.
125-10 Queens Boulevard, Suite 218
Kew Gardens, New York 11415
(718) 263-6800

-8-

## ATTORNEY CERTIFICATION

    I, Dustin Bowman, hereby certify, under penalty of perjury, and as an officer of the court, that to the best of my knowledge, information and belief, formed after an inquiry reasonably under the circumstances, the presentation of the papers or the contentions herein are not frivolous as defined in 22 NYCRR Section 130-1.1(c).

Dated:    January 22, 2008
        Kew Gardens, New York

                    _____
                    Dustin Bowman, Esq.

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
MONICA LYONS and NEIL D. GEISER,

                   Plaintiffs,

            - against -

SYNAPSE GROUP, INC.,
SYNAPSECONNECT, INC.
and TIME INC.

                 Defendants.

------------------------------------------------------------------------ x

Civil Action No.: 08 CV 02963 (LAP)

RULE 7.1
DISCLOSURE STATEMENT

        Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, and to enable

Judges and Magistrate Judges of the Court to evaluate possible reasons for

disqualification or recusal, counsel for defendants Synapse Group, Inc. and

SynapseConnect, Inc. certifies the following: SynapseConnect, Inc. is a wholly owned

subsidiary of Synapse Group, Inc.; Synapse Group, Inc. is an wholly owned subsidiary

of Time Inc.; Time Inc. is an indirect wholly owned subsidiary of Time Warner Inc., a

publicly traded Delaware corporation. Time Warner Inc. holds interest in the following

publicly held companies: a 5-10% share in The Knot, Inc. and a 75-100% share in Time

Warner Cable Inc.

   Dated: Stamford, Connecticut
         April 24, 2008

         SYNAPSE GROUP, INC. and
         SYNAPSECONNECT, INC.

         By: _____
            Gary A. Greene (GG-7302)
            Vice President and
            Chief Corporate Counsel
            225 High Ridge Road
            Stamford, CT 06905
            (203) 391-0594 (tel)
            (212) 467-2395 (fax)

# EXHIBIT 3

Gary A. Greene (GG-7302)
Vice President and Chief Corporate Counsel
Synapse Group, Inc.
225 High Ridge Road
Stamford, CT 06905
(203) 391-0594
ggreene@synapsemail.com

Attorney for Defendants Synapse Group, Inc.
and SynapseConnect, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MONICA LYONS and NEIL D. GEISER,

                           Plaintiffs,

                                                    Civil Action No.: 08 CV 02963 (LAP)

        - against -

SYNAPSE GROUP, INC.,                              Synapse Group, Inc. and
SYNAPSECONNECT, INC.                              SynapseConnect, Inc.
and TIME INC.,                                    Answer, Affirmative Defenses,
                                                  and Counterclaims
                           Defendants.
-----------------------------------------------------------x

        Defendants Synapse Group, Inc. and SynapseConnect, Inc. (collectively, the

"Synapse Defendants"), through their undersigned counsel, hereby respond to the

Verified Complaint filed by Plaintiffs Monica Lyons ("Lyons") and Neil D. Geiser

("Geiser") (collectively, the "Plaintiffs") as follows:

        1.      The Synapse Defendants lack information or knowledge sufficient to form

a belief as to the truth of the allegations contained in Paragraph 1 of the Verified

Complaint.

The Synapse Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Verified Complaint.

3.    The Synapse Defendants deny the allegations contained in Paragraph 3 of the Verified Complaint to the extent that they allege that Synapse Group, Inc. has offices within the State of New York.  Synapse Group, Inc. avers that it is a Delaware corporation with its offices at 225 High Ridge Road, Stamford, Connecticut 06905.

4.    The Synapse Defendants deny the allegations contained in Paragraph 4 of the Verified Complaint to the extent that they allege that SynapseConnect, Inc. has offers within the State of New York.  SynapseConnect, Inc. avers that it is a Delaware corporation with its offices at 225 High Ridge Road, Stamford, Connecticut 06905.

5.    The Synapse Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Verified Complaint.

6.    The Synapse Defendants deny the allegations contained in Paragraph 6 of the Verified Complaint.

7.    The Synapse Defendants deny the allegations contained in Paragraph 7 of the Verified Complaint.

8.    The Synapse Defendants deny the allegations contained in Paragraph 8 of the Verified Complaint.

2

9.      The Synapse Defendants deny the allegations contained in Paragraph 9 of the Verified Complaint.

10.     The Synapse Defendants hereby incorporate by reference each of the preceding responses as though set forth fully herein.

11.     The Synapse Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Verified Complaint.

12.     The Synapse Defendants deny the allegations contained in Paragraph 12 of the Verified Complaint.

13.     The Synapse Defendants deny the allegations contained in Paragraph 13 of the Verified Complaint.

14.     The Synapse Defendants deny the allegations contained in Paragraph 14 of the Verified Complaint.

15.     The Synapse Defendants hereby incorporate by reference each of the preceding responses as though set forth fully herein.

16.     The Synapse Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Verified Complaint.

17.     The Synapse Defendants deny the allegations contained in Paragraph 17 of the Verified Complaint.

3

18.    The Synapse Defendants deny the allegations contained in Paragraph 18 of the Verified Complaint.

19.    The Synapse Defendants deny the allegations contained in Paragraph 19 of the Verified Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
(Failure to State a Claim)

The Verified Complaint fails to state facts sufficient to constitute any cause of action against the Synapse Defendants and further fails to state facts sufficient to entitle the Plaintiffs to the relief sought, or to any relief whatsoever, from the Synapse Defendants.

### Second Affirmative Defense
(Unclean Hands)

The Verified Complaint and each cause of action alleged therein is barred by the doctrine of unclean hands.

### Third Affirmative Defense
(Estoppel and Waiver)

Any damages that the Plaintiffs may have suffered, which the Synapse Defendants deny, directly or proximately resulted from the Plaintiffs' own conduct. Therefore, the Plaintiffs have waived and are estopped and barred from pursuing any claims alleged in the Verified Complaint against the Synapse Defendants and from recovery of any damages whatsoever as against the Synapse Defendants.

4

Fourth Affirmative Defense
(Commercial Reasonableness)

The Verified Complaint and each cause of action alleged therein is barred in whole or in part by the defense of commercial reasonableness in that the Synapse Defendants conduct was at all times justified, fair and undertaken in good faith and consistent with the exercise of valid business purpose.

Fifth Affirmative Defense
(Accord and Satisfaction)

To the extent that there was a valid contract between either or both of the Plaintiffs and either or both of the Synapse Defendants, the Verified Complaint and each cause of action alleges therein is barred by full accord and satisfaction.

Sixth Affirmative Defense
(Offset)

The damages alleged by the Plaintiffs, which the Synapse Defendants deny, must be offset by the revenue received by the Plaintiffs from their customers.

Seventh Affirmative Defense
(Statute of Frauds)

The Verified Complaint and each cause of action alleged therein is barred by the applicable statute of frauds.

Eighth Affirmative Defense
(Avoided Damages)

Plaintiffs have failed to mitigate any damages allegedly suffered by each of them and may not recover any damages that could have been avoided.

<u>Ninth Affirmative Defense</u>

(Lack of Standing)

The Plaintiffs lack standing to bring this action and any cause of action alleged in the Verified Complaint.

<u>Tenth Affirmative Defense</u>
(Fraud)

The Verified Complaint and each cause of action alleged therein is barred in whole or in part because of Plaintiffs' fraudulent conduct in connection with the subject matter of the Verified Complaint.

<u>Eleventh Affirmative Defense</u>
(Counterclaim)

The Verified Complaint and each cause of action alleged therein is barred in whole or in part because of the Synapse Defendants' incorporation herein of the allegations and claims contained within the Synapse Defendants' counterclaim.

<u>Twelfth Affirmative Defense</u>
(Unjust Enrichment)

The Verified Complaint and each cause of action alleged therein is barred in whole or in part because any recovery by Plaintiffs in this action would result in unjust enrichment.

<u>Right to Assert Additional Defenses</u>

The Synapse Defendants reserve the right to present additional affirmative defenses at such time and to such extent as warranted by the results of discovery and the factual developments in this case, including without limitation such affirmative defenses

6

that are referenced in Rule 8(c) of the Federal Rules of Court Procedure or are otherwise available under applicable law.

## COUNTERCLAIMS

The Synapse Defendants, by and through their undersigned attorney, as and for their counterclaims against the Plaintiffs, allege as follows:

1.      The Synapse Defendants repeat and reallege the responses and affirmative defenses set forth above as though set forth fully herein.

2.      Synapse Group. Inc., among other things, promotes the sale of magazine subscriptions through its subsidiary companies. SynapseConnect, Inc., a wholly owned subsidiary of Synapse Group, Inc., promotes the sale of magazine subscriptions via the Internet pursuant to marketing agreements with various Web sites.

3.      Upon information and belief, in or around February 2006, Plaintiffs commenced promoting the sale of magazine subscriptions through one or more eBay.com "stores."

4.      Upon information and belief, Plaintiffs had no right, title, license or authorization to sell magazine subscriptions.

5.      Following each sale of a magazine subscription, Plaintiffs used fraudulent, deceptive and illegal methods and tactics to process orders for magazines through SynapseConnect. Upon information and belief, Plaintiffs used the names and addresses of the customers to whom they sold subscriptions via their eBay.com store to place

7

magazine orders through SynapseConnect in their names without their knowledge or authorization.

6.      Plaintiffs placed orders through SynapseConnect by accessing an offer that was intended solely for the use of individual consumers who were members of a Web site called "MyPoints.com." During the relevant time period, registered members of MyPoints.com received an email and/or viewed other forms of advertisements promoting the sale of magazine subscriptions. Any MyPoints.com member who accepted the offer was billed the subscription price but was eligible for a full refund if he or she cancelled the order during an initial 12-month risk free period. SynapseConnect and MyPoints.com tracked such orders by, among other things, the MyPoints.com member's membership identification number. Upon information and belief, Plaintiffs obtained access to the MyPoints.com Web page for ordering magazine subscriptions through backdoors or shortcuts that effectively disabled SynapseConnect's and MyPoints.com's ability to track orders according to membership identification numbers.

7.      Plaintiffs fraudulently disguised their true identity and unlawfully impersonated their customers when placing corresponding orders through SynapseConnect in order to fulfill their customers' purchases. In furtherance of their scheme, Plaintiffs used thousands of unique credit cards in order to avoid detection by SynapseConnect or others. The Plaintiffs also created thousands of unique email addresses as part of their impersonation of each of their customers.

8.      SynapseConnect fulfilled over 15,000 magazine subscriptions ordered by Plaintiffs. SynapseConnect paid a portion of the sales price to the publishers of each

magazine ordered. SynapseConnect was unaware that the orders were all placed by the Plaintiffs using the names and addresses of customers who did not authorize such use.

9.      For each order that the Plaintiffs processed through SynapseConnect, Plaintiffs cancelled or attempted to cancel such orders at the very end of the 12-month risk-free period. In so doing, Plaintiffs sought full refunds for each order.

10.     SynapseConnect issued approximately $97,000 in refunds to Plaintiffs.

11.     As soon as the Synapse Defendants became aware of Plaintiffs' fraudulent, deceptive and illegal activities, the Synapse Defendants ceased the issuance of refunds to the Plaintiffs. Other than for approximately 350 orders, the Synapse Defendants, however, did not stop fulfillment of the magazines to the Plaintiffs' customers.

### FIRST COUNTERCLAIM
(Fraud)

12.     The Synapse Defendants repeat and reallege the allegations contained in paragraphs 1 through 11 of its Counterclaims as if set forth fully herein.

13.     By undertaking the scheme described herein, the Plaintiffs have committed fraud against the Synapse Defendants.

14.     Plaintiffs' fraudulent acts were intentional and willful.

15.     Plaintiffs engaged in the fraudulent conduct with the intent that the Synapse Defendants would reasonably rely on such conduct.

In so doing, the Plaintiffs received refunds from the Synapse Defendants in the amount of more than $97,000 for which they were not entitled.

17.    The Synapse Defendants, to their detriment, reasonably relied on the Plaintiffs' fraudulent conduct in accepting the orders from the Plaintiffs, fulfilling the magazine subscriptions and issuing refunds to the Plaintiffs. Had the Synapse Defendants known the true nature of the Plaintiffs' fraudulent conduct, they would not have accepted and fulfilled the orders.

18.    As a result of the Plaintiffs' fraudulent conduct, SynapseConnect lost future business opportunity with MyPoints.com thus suffering substantial economic harm.

19.    As a result of the Plaintiffs' fraudulent conduct, the Synapse Defendants have been damaged in an amount no less than $200,000.

20.    The fraudulent conduct of the Plaintiffs was willful and malicious. Accordingly, the Synapse Defendants also seek punitive damages against the Plaintiffs in an amount not less than $1,000,000.

SECOND COUNTERCLAIM
(Unjust Enrichment)

21.    The Synapse Defendants repeat and reallege the allegations contained in paragraphs 1 through 20 of its Counterclaims as if set forth fully herein.

By receiving refunds of more than $97,000 from the Synapse Defendants for orders that were fraudulently and deceptively placed through SynapseConnect, the Plaintiffs were unjustly enriched.

WHEREFORE, Defendants and Counterclaimants Synapse Group, Inc and SynapseConnect, Inc. demand judgment against the Plaintiffs as follows:

(A)     For all compensatory damages suffered by the Synapse Defendants by reason of the Plaintiffs' fraudulent acts, with interest;

(B)     Punitive damages in the amount not less than $1,000,000;

(C)     For all costs and expenses, including reasonable attorneys' fees, incurred by the Synapse Defendants in connection with action, with interest; and

(D)     That the Synapse Defendants be awarded such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated:     Stamford, CT          By: _____
           April 24, 2008             Gary A. Greene (GG-7302)
                                      Vice President and Chief Corporate Counsel
                                      Synapse Group, Inc.
                                      225 High Ridge Road
                                      Stamford, CT  06905


                                      Attorney for Defendants
                                      Synapse Group, Inc. and
                                      SynapseConnect, Inc.

**VERIFICATION**

I, Gary A. Greene, have read the document entitled Answer, Affirmative Defenses, and Counterclaims and know its contents.

I am the Vice President and Chief Corporate Counsel of Synapse Group, Inc., a party to this action, and am authorized to make this verification for and on behalf of Synapse Group, Inc. and SynapseConnect, Inc., and I make this verification for that reason. I have read the foregoing document. I am informed and believe and on that ground allege that the matters stated in it are true.

Executed on the 24th day of April, 2008 at Stamford, Connecticut .

I declare under penalty of perjury under the laws of the New York that the foregoing is true and correct.

Gary A. Greene, Esq.
Vice President and Chief Corporate Counsel
Synapse Group, Inc.
225 High Ridge Road
Stamford, CT 06905
(203) 391-0594

Attorney for Synapse Group, Inc.
and SynapseConnect, Inc.

12

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on the date noted below, he caused a true and correct copy of Synapse Group, Inc. and SynapseConnect, Inc. Answer, Affirmative Defenses and Counterclaims to be served by First Class Mail to the parties listed below:

_____
Gary A. Greene

Dated: April 24, 2008

Dustin Bowman, Esq.
Steven Zalewski & Associates. P.C.
125-10 Queens Boulevard, Suite 218
Kew Gardens, New York 11415

Attorneys for Plaintiffs

Andrew Lachow, Esq.
Time Inc.
1271 Avenue of the Americas
New York. New York 10020

Attorney for Defendant Time Inc.

13