UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X   08-CV-02963
MONICA LYONS and NEILL D. GEISER,

                     Plaintiff(s),

                                  **REPLY TO COUNTERCLAIMS**

    -against-

SYNAPSE GROUP, INC., SYNAPSECONNECT,
INC. and TIME, INC.,

                     Defendant(s).
----------------------------------------X

    The Plaintiffs, MONICA LYONS and NEILL D. GEISER by and through their attorney, Steven Zalewski & Associates, P.C., as and for their Reply to Counterclaim of SYNAPSE GROUP, INC., SYNAPSECONNECT, INC. as follows:

    1.   Denies knowledge or information sufficient to form a belief as to each and every allegation referred to in paragraph "2".

    2.   Denies knowledge or information sufficient to form a belief as to each and every allegation referred to in paragraph "6" except upon information and belief, Plaintiffs obtained access to the MyPoints.com Web page for ordering magazine subscriptions through backdoors or shortcuts that effectively disabled SynapseConnect's and MyPoints.com's ability to track orders according to membership identification numbers which is denied.

3. Denies knowledge or information sufficient to form a belief as to each and every allegation referred to in paragraph "8" except that SynapseConnect fulfilled over 15,000 magazine subscriptions ordered by Plaintiffs which is denied and Synapse was unaware that the orders were all placed by the Plaintiffs using the names and addresses of customers who did not authorize such use which is denied.

4. Denies knowledge or information sufficient to form a belief as to each and every allegation referred to in paragraphs "11".

5. Deny each and every allegation contained in paragraph "4".

6. Deny each and every allegation contained in paragraph "5".

7. Deny each and every allegation contained in paragraph "7".

8. Admit each and every allegation contained in paragraph "3".

9. Admit each and every allegation contained in paragraph "9".

10. Admit each and every allegation contained in paragraph "10".

### AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

11. The Counterclaim fails to state facts sufficient to constitute any cause of action against the Plaintiffs and further fails to state facts sufficient to entitle the Defendant, Synapse to the relief sought, or to any relief whatsoever, from the Plaintiffs.

### AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

12. The Counterclaim and each cause of action alleged therein is barred by the doctrine of unclean hands.

### AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

13. Any damages that the Defendants Synapse may have suffered, which the Plaintiffs deny, directly or proximately resulted from the Defendants Synapse's own conduct. Therefore, the Defendants Synapse have waived and are estopped and barred from pursuing any claims alleged in the Counterclaim against the Plaintiffs and from recovery of any damages whatsoever as against the Plaintiffs.

### AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE

14. The Counterclaim and each cause of action alleged therein is barred in whole or in part by the defense of commercial reasonableness in that the Plaintiffs conduct was at all times justified, fair and undertaken in good faith and consistent with the exercise of valid business purpose.

### AS AND FOR THE FIFTH AFFIRMATIVE DEFENSE

15. To the extent that there was a valid contract between Defendants Synapse and either or both of the Plaintiffs, the Counterclaim and each cause of action alleges therein is barred by full accord and satisfaction.

### AS AND FOR THE SIXTH AFFIRMATIVE DEFENSE

16. The damages alleged by the Defendants Synapse, which the Plaintiffs deny, must be offset by the revenue received by the Defendants Synapse.

### AS AND FOR THE SEVENTH AFFIRMATIVE DEFENSE

17. The Counterclaims and each cause of action alleged therein is barred by the applicable statute of frauds.

### AS AND FOR THE EIGHTH AFFIRMATIVE DEFENSE

18. Defendants Synapse have failed to mitigate any damages allegedly suffered by each of them and may not recover any damages that could have been avoided.

### AS AND FOR THE NINTH AFFIRMATIVE DEFENSE

19. The Defendants Synapse lacks standing to bring this action and any cause of action alleged in the Counterclaim.

### AS AND FOR THE TENTH AFFIRMATIVE DEFENSE

20. The Counterclaim and each cause of action alleged therein is barred in whole or in part because of Defendants

Synapse's fraudulent conduct in connection with the subject matter of the Counterclaim.

### AS AND FOR THE ELEVENTH AFFIRMATIVE DEFENSE

21. The Counterclaim and each cause of action alleged therein is barred in whole or in part because any recovery by Defendants Synapse in this action would result in unjust enrichment.

### RIGHT TO ASSET ADDITIONAL DEFENSES

22. The Plaintiffs reserve the right to present additional affirmative defenses at such time and to such extent as warranted by the results of discovery and the factual developments in this case, including without limitation such affirmative defenses that are referenced in Rule 8(c) of the Federal Rules of Court Procedure or are otherwise available under applicable law.

Dated:   Kew Gardens, New York
         May 8, 2008

Yours, etc.
STEVEN ZALEWSKI & ASSOCIATES, P.C.

By: Dustin Bowman, Esq. (DB55509)
Attorney for Plaintiffs
125-10 Queens Boulevard, Suite 218
Kew Gardens, New York 11415
(718) 263-6800

## ATTORNEY CERTIFICATION

    I, **DUSTIN BOWMAN,** hereby certify, under penalty of perjury, and as an officer of the court, that to the best of my knowledge, information and belief, formed after an inquiry reasonably under the circumstances, the presentation of the papers or the contentions herein are not frivolous as defined in 22 NYCRR Section 130-1.1(c).

Dated:    Kew Gardens, New York
           May 8, 2008

                                          DUSTIN BOWMAN, ESQ.