UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------X
MONICA LYONS and NEIL D. GEISER,   :
                                    :
                  Plaintiffs,       :    08-CV-02963 (LAP)
                                    :
                                    :
       -against-                    :    ORDER
                                    :
SYAPSE GROUP, INC. and              :
SYNAPSECONNECT, INC.                :
                                    :
                  Defendants.       :
-------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/24/09

LORETTA A. PRESKA, United States District Judge:

At trial, the Court found that the plaintiffs fraudulently opened subscriptions with defendants, representing themselves to be individual subscribers who, in turn, had ordered magazine subscriptions from defendants. Just before the end of the one-year subscriptions, plaintiffs, again posing as the individuals, cancelled the subscriptions and kept the refunds for themselves. Plaintiffs collected some $97,000 before defendants uncovered the scheme and ceased payments. The Court found that the plaintiffs were unjustly enriched when the defendants refunded $97,000. Accordingly, the defendants are hereby awarded the amount of $97,000. The defendants have waived further compensatory damages.

The defendants have also moved for punitive damages in connection with their successful counterclaim. For the reasons discussed herein, their request is denied.

1

Punitive damages may be awarded within the sound discretion of the fact finder. See Mar Oil, S.A. v. Morrissey, 982 F.2d 830, 844 (2d Cir. 1993). "Generally, punitive damages are not available for a breach of contract," Canelle v. Russian Tea Room Realty LLC, (01 Civ. 0616) 2002 U.S. Dist. LEXIS 3169, at *23 (S.D.N.Y. Feb. 27 2002), because their purpose is not to make the victim whole but rather to vindicate public rights. Rocanova v. Equitable Life Assurance Soc'y of the United States, 83 N.Y.2d 603, 613 (1994). However, courts have been willing to award punitive damages when two conditions are satisfied: (1) when the liable party committed "egregious tortious conduct," and (2) such conduct "was part of a pattern of similar conduct directed at the public generally." Id. Therefore, when there is an independent tort, such as fraud, which involves a "high degree of moral turpitude" and "such wanton dishonesty as to imply a criminal indifference to civil obligations," punitive damages are recoverable. Walker v. Sheldon, 10 N.Y.2d 401, 405 (1961). Finally, courts have noted that punitive damages are more likely to serve the goal of deterring future conduct in the case of a deliberate fraudulent scheme, as opposed to one where an individual acts out of anger or hate. Id. at 406.

Although this case cannot be considered an "isolated transaction incident to an otherwise legitimate business," neither can it be deemed "a gross and wanton fraud upon the public." Id. Granted, the scheme was directed at the public generally, and the plaintiffs' behavior towards the magazine purchasers could hardly be characterized as honest or moral. However, it cannot be said that the plaintiffs' conduct towards the public evinces a pattern of gross and wanton conduct that rises to the level of "egregious

2

tortious conduct." The plaintiffs' end-customers still received the magazines for which they paid, and the plaintiffs were left to foot the bill. Thus, I cannot say that the conduct at issue involved "such wanton dishonesty as to imply a criminal indifference to civil obligations." Accordingly, defendants' request for punitive damages is denied.

Judgment shall be entered dismissing plaintiffs' claims and, on defendants' counterclaims, in favor of defendants in the amount of $97,000.00 jointly and severally against plaintiffs with applicable interest and costs.

The Clerk of the Court shall mark this action closed and all pending motions denied as moot.

SO ORDERED:

Dated: February 23, 2009

_____
LORETTA A. PRESKA, U.S.D.J.